

FILED & ENTERED

APR 16 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Fisher    DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Avram Moshe Perry<br><br><br><br>Debtor(s).<br>_____<br>Avram Moshe Perry<br><br>Plaintiff(s),<br><br>v.<br><br><br>Chase Auto Finance,  Does 1-100,<br>JPMorgan Chase Bank, N.A.,  Key Auto<br>Recovery<br><br><br>Defendant(s).<br>_____ | CHAPTER 7<br><br>Case No.:  1:09-bk-11476-GM<br>Adv No:   1:10-ap-01043-GM<br><br>**MEMORANDUM OF OPINION ON<br>CENTRAL ISSUES TO THIS ADVERSARY<br>PROCEEDING BRIEFED BY PARTIES** |

     This memorandum of opinion addresses three issues central to this adversary

proceeding, which the Court had asked the parties to brief.

## I. **BACKGROUND**

Avram Moshe Perry ("Plaintiff") filed for chapter 7 relief on February 11, 2009.  In his schedules, Plaintiff listed his only asset as a 2001 Nissan Pathfinder worth $9,000 (the "Vehicle") on which Chase Auto Finance ("Chase") had a lien of about the same amount.

On February 5 or 6, 2009, just a few days before the Plaintiff's petition was filed, Chase repossessed the car.  This rather simple scenario has led to two adversary proceedings, a variety of motions, three appeals to the Ninth Circuit Bankruptcy Appellate Panel ("BAP"), two appeals to the District Court and five appeals to the Ninth Circuit.[1]

## **State Court Action**

Specifically, on February 17, 2009, Plaintiff commenced an action in Los Angeles County Superior Court (#PC 044679; the "State Court Action") against Chase, Key Auto Recovery ("Key" and with Chase "Defendants") and certain other defendants.  A few days later, Plaintiff filed a supplemental complaint, which then became the operative complaint ("Supplemental Complaint"), seeking damages for the allegedly wrongful repossession of the Vehicle under six causes of action:

1st - violation of Bankruptcy Code §362 and §541(a)(1),

2nd - civil conspiracy,

3rd - unfair and illegal business practices (Cal. Bus. & Prof. Code §17200 *et seq.*)

---

[1] These proceedings summarized below are set out in more detail in this Court's Memorandum of Opinion on Status of Adversary Case, entered May 16, 2012 (dkt 77, which is also Exhibit B to Defendant's Request for Judicial Notice (dkt 120)). All docket references refer to this adversary proceeding (10-ap-01043) unless noted otherwise.  References to bc dkt refer to the docket in Plaintiff's Chapter 7 09-11476.

4th - breach of contract,

5th - conversion, and

6th - violation of the Fair Debt Collection Practices Act.

Chase moved for judgment on the pleadings.  By minute order dated April 22, 2010, the Superior Court sustained Chase's motion with leave to amend within 30 days, because the Supplemental Complaint failed to state sufficient facts to constitute the 1st, 2nd, 3rd, 5th and 6th causes of action.  Exhibit A to Defendants' Request for Judicial Notice (dkt 120).

On May 21, 2010, Plaintiff filed his First Amended Complaint ("FAC") in the State Court Action with the following causes of action:

1st - breach of contract,

2nd – specific performance,

3rd – declaratory relief,

4th – breach of implied covenant of good faith and fair dealing,

5th – unfair competition (Cal. Bus. & Prof. Code §17200 *et seq.*),

5th [sic] – intentional interference with prospective advantage,

6th - conversion,

7th - trespass,

10th – intentional infliction of emotional distress,

11th – negligent infliction of emotional distress, and

12th – civil conspiracy.[2]

On August 19, 2010, Plaintiff removed this State Court Action to the Bankruptcy Court (10-ap-01356), but this Court remanded it to the Superior Court on September 20,

---

[2] The FAC did not contain any causes of action labelled either 8th or 9th.

2010.[3]  On October 18, 2010 (after this Court had already remanded this State Court

Action back to state court), Plaintiff moved to withdraw the reference from Bankruptcy

Court to District Court, but the District Court denied this motion.[4]

On June 21, 2012, the State Court Action was dismissed for Plaintiff's failure to

post a bond after having been deemed a vexatious litigant on May 18, 2012.  *See*

Exhibits 100 and 103 to Plaintiff's Reply (dkt 121).  This dismissal ultimately became

final in October 2013 after a denial of certiorari by the United States Supreme Court. [5]

## **Motion for Relief from Stay**

In the meantime, on April 23, 2009, this Court entered an order granting Chase's

motion for relief from stay to allow Chase to sell the repossessed Vehicle (bc dkt 29).[6]

The Vehicle was sold by Chase on or about April 30, 2009 (Response at 5:3-5).[7]

## **This Adversary Proceeding**

Plaintiff commenced this adversary proceeding on February 5, 2010 (adv. 10-

01043), by filing a complaint seeking compensatory and punitive damages under the

following causes of action:

1st - trespass,

2nd - conversion,

---

[3] Plaintiff subsequently and unsuccessfully (i) appealed the remand to the BAP, (ii) sought a stay pending appeal in the BAP, (iii) moved for rehearing of the BAP's affirmance of the remand, (iv) moved for reconsideration of the BAP's decision, (v) appealed the BAP's affirmance and denial of reconsideration to the Ninth Circuit.  The appeal to the Ninth Circuit was ultimately dismissed for failure to pay the filing fee. Plaintiff subsequently moved this Court for clarification and dismissal of the remand order, appealed this Court's denial of the clarification motion to the District Court and then appealed the District Court's dismissal of that appeal to the Ninth Circuit (appeal pending).
[4] The District Court also denied Plaintiff's subsequent motion for reconsideration.  The Ninth Circuit dismissed his appeal for lack of jurisdiction.
[5] The California Court of Appeal (Second District) dismissed his appeal of the Superior Court decision, the California Supreme Court denied review of that dismissal and the United States Supreme Court denied his petition for writ of certiorari on October 7, 2013.
[6] Plaintiff unsuccessfully sought injunctive relief and a stay pending appeal (bc dkt 35, 42, 36).
[7] Plaintiff's appeal to the BAP was accordingly dismissed as moot and the BAP subsequently denied Plaintiff's motion for rehearing.  The Ninth Circuit affirmed the BAP's ruling.

3rd - breach of the peace,

4th - breach of contract,

5th - negligent misrepresentation,

6th - intentional infliction of emotional distress,

7th - abuse of process,

8th - fraud,

9th - violation of the Fair Debt Collection Practices Act (federal),

10th - unfair business practices under the Unfair Competition Law [Cal Bus. & Prof. Code §17200 et seq.] and the Consumer Legal Remedies Act [Cal Civ. Code §1750 et seq.] and

11th - violation of the Consumer Protection Act [T.C.S. §47-18-101] and Thrift's Lending Practices [12 U.S.C. 1462(a), (b)(2), §1463].

*See* dkt 1.

According to the Complaint, the repossession took place on Feb. 6, 2009:  a Key employee climbed over the security gate, opened the car with a tool, and found and used the remote control to exit with the car.  Perry demanded that the car be returned, but it wasn't.  Perry disputes whether he was in default at the time of the repossession. Prior to the Feb. 6 repossession, Perry informed Chase that he was in the process of filing for bankruptcy and requested that no repossession take place.  Several Chase representatives promised that they would not repossess and would refund or credit certain disputed late fees.  He also asserts that Chase changed title on the Vehicle on or after the February 11, 2009 petition date (because the more than 48 hour's required turnaround time prevented Chase from doing so any earlier) and thus the repossession is void.  Chase sold the car in a private sale for substantially less than its blue book

1  value.

2     On May 26, 2010 this Court entered an order denying *without prejudice* motions

3  to abstain made by Chase and Key, but stayed this proceeding pending the outcome in

4  the State Court Action (dkt 25).  As noted above, the appellate process on the Superior

5  Court's dismissal of the State Court Action for Plaintiff's failure to post bond was finally

6  resolved late last year by the United States Supreme Court's denial of certiorari.[8]

7

8

9              II.  **ISSUES IN THIS ADVERSARY PROCEEDING**

10 At a status conference on this adversary proceeding on February 12, 2013, this Court

11 determined that there are three central issues in this adversary proceeding, each of

12 which must be resolved:

13
14     *This court must decide three issues to determine whether to dismiss this*
       *adversary proceeding:*
15     *1.  Whether the dismissal in the state court for failure to post a bond is dispositive*
       *of the state law issues contained in the state court complaint;*
16     *2.  Whether the dismissal in the state court for failure to post a bond is dispositive*
       *of the federal law issues contained in the state court complaint; and*
17     *3.  Whether the claim that the transfer of title was completed after the petition*
       *was filed is actionable as a violation of the automatic stay if the repossession*
18     *was in compliance with state law.  If so, when did the transfer of title occur for*
       *purposes of the bankruptcy law?*
19
20 *See* Order entered February 13, 2013 (dkt 95; "Briefing  Order").  The Court continued

21 The status conference until August 27 and ordered each side to file a memorandum of

22

23 _____

24 [8] The above summaries omit other less relevant litigation by Plaintiff against the Defendants over this
   same repossession:
       His Order to Show Cause for sanctions in his bankruptcy case and his subsequent motion for
25     reconsideration for this court's denial of the OSC, appeal to the BAP, motion for stay pending
       appeal, motion for rehearing of the BAP's affirmance of this Court's denial and appeal to the Ninth
26     Circuit (which affirmed the denial).
       His request for entry of a default against Key in this adversary, which the clerk entered and the
27     Court subsequently vacated.  Plaintiff appealed the order vacating the default to the BAP.  The
       BAP dismissed the appeal as interlocutory.  Plaintiff moved twice for the BAP to reconsider the
       dismissal, both of which the BAP denied.  Plaintiff appealed the dismissal and denial of
28     reconsideration to the Ninth Circuit which dismissed as interlocutory.  Plaintiff filed a motion for
       rehearing and to recall the mandate with the Ninth Circuit, which pending.

points and authorities to address these issues, as follows:

> *Plaintiff will have until March 15, 2013 to file a memorandum of points and authorities covering the three topics listed above.  The memorandum is not to exceed 35 pages in length and there are to be no exhibits attached in that this deals solely with the legal implications of court orders.  Defendants can file separately or a joint responsive memorandum, which is due by April 15, 2013  - the same length and exhibit limitations apply.  Plaintiff will then have until May 1, 2013 to file a reply memorandum (if he wishes), with the same length limitation.*

*Id.*  (Each side subsequently requested an extension to file its brief, which was granted.)

On April 12, 2013, Perry filed his initial memorandum ("Memorandum"; dkt 101), which was single-spaced, 200 pages in length and  made up of 35 pages of points and authorities with the balance being exhibits.  On April 24, 2013, he filed a supplemental memorandum ("Supplement"; dkt 103) consisting of 4 pages of additional argument and authorities.  The exhibits attached to the Memorandum were filed in violation of the Court's Briefing Order and are not being reviewed or considered.  Further, the Memorandum (dkt 101) is single spaced and the Supplement (dkt 103) uses 1.5 line spacing, both in violation of the Local Bankruptcy Rules.[9]

For the status conference on August 27, 2013 I issued the following tentative ruling:

> *Per the joint status report filed by Chase and Key, the state court case (PC044679) is awaiting a determination in the United States Supreme Court on Perry's Petition on Writ of Certiorari and Motion for leave to file in forma pauperis. That is set to be heard at the Court's 9/30/13 conference.*

> *On 2/13/13 I had ordered certain briefs to be filed on three issues.  Perry filed his and on 5/14/13 I entered an order extending the time for the defendants to file theirs due to Perry's application for a Writ of Certiorari.  That application has not yet been ruled on, so this status conference is to be continued.*

> *Continue without appearance to 10/29/13 at 10:00 a.m. by which time we should know whether the Writ is granted.*

For the status conference on October 29, 2013 I issued the following tentative ruling:

---

[9] Local Bankruptcy Rule (LBR 9004-1(a); Court Manual 2.5(b)(2)(B)(6), p. 2-22.

*Per the joint status report filed by Chase and Key, the U.S. Supreme Court denied Perry's petition for writ of certiorari in state court case PC044679. Per my prior rulings, the response brief is due on Nov. 4, 2013. Perry has filed a motion to file a supplemental brief, which I will grant (cal. #6) and will give Chase and Key an additional three weeks to include this in their response brief - you need not give me a separate response to each memorandum, but include all issues that you feel are relevant. Thus the Chase/Key response brief will be due on November 21. Perry will then have three weeks to file a reply, which will be due on December 12. There will be no further briefing and no extensions. Once the briefs are in, I will determine whether oral argument is needed or whether I will decide on the papers.*

*The status conference will be continued to 2/4/14 at 10:00 a.m.*

Perry had filed a supplement/amendment to his memorandum of points and authorities on September 13, 2013 ("Second Supplement"; dkt 114), which deals only with issue #3 outlined above.[10]

On November 19, 2013 Chase and Key filed their joint response brief ("Response"; dkt  120).

Perry filed a Reply Memorandum on December 12, 2013 ("Reply"; dkt 121), although the Reply was not entered on the court's docket until February 5, 2014. The Reply is 37 pages in length, with an additional 103 exhibits, again in violation of the Briefing Order.

### Perry's Memoranda

Perry's memoranda (the Memorandum, the Supplement, the Second Supplement and the Reply) employ a scattergun approach, both in number of arguments and lack of organization, making them exceedingly difficult to understand and apply. Much of the argument is irrelevant to the three issues and will be disregarded. The following is an attempt to summarize and organize the arguments in Plaintiff's memoranda, with the Court's conclusions in italics.

---

[10] On 10/31/13 the Court entered an order granting his motion to file that supplement/amendment and the exhibits attached thereto (dkt 118).

1. Perry owned the Vehicle and it was not subject to Chase's security interest.

   1.1. Chase's security interest in the Vehicle was unperfected and thus subordinate to Perry's interest in the Vehicle (Memorandum pp. 1-4).

   1.2. Chase knew that Perry owned the Vehicle (because he held the certificate of title) and failed to tell him.  (Reply pp. 31-34.)

   1.3.1  Chase's failure to tell Plaintiff was a breach of fiduciary duty and obstruction of justice.  They knew that they had no title to the vehicle in 2004 and in 2009 and forced Perry to continue to make payments, knowingly taking advantage of his lack of sophistication. (Memorandum p. 23; Reply pp. 27-28)

   *Not relevant to Briefing Order issues.*

2. The repossession was not in compliance with state or federal laws.

   2.1. A number of state laws were violated including Bus. & Prof. Code §§17539.1, 7508.2 and 17200 et seq., Code of Civ. Proc. §382, Civ. Code §1770, and the Unfair Competition Law.  (Memorandum pp. 8, 22-24).

   2.2. Federal laws 15 USC §57A, [missing] USC §1464, 15 USC § 45, and 15 USC §780-11(c)(2) *[incorrectly cited by Perry as 15 USC §(C)(G)(2)(A)]* were also violated. (Memorandum pp. 8, 22-24).

   2.3. Perry had made all of his payments prior to repossession; Chase had no right to repossess.  (Second Supplement; Reply p. 28.)

   2.4. Chase lied to the DMV.  (Reply p. 27.)

   2.5. The repossession was in bad faith, with moral turpitude. (Reply p. 28.)

   *Not relevant to Briefing Order issues.*

3. The state court did not adjudicate the issues and there was no decision on the merits.

3.1. The dismissal was not because Perry failed to prosecute, but because he was unable to post the required $7,500 bond.  (Memorandum pp. 9-10).

3.2. The last paper filed in state court was the amended complaint and there was minimal discovery.  Thus, there was no ruling on the merits and judicial economy, convenience of the parties and fairness all weigh in favor of retained bankruptcy court jurisdiction.  *Id.*

3.3. Failure to post a bond is not a determination on the merits under Cal. Code of Civ. Proc. §391.2. (Memorandum pp. 28-29, 32.)

3.4. Although this was remanded from the bankruptcy court to the state court, since there were no duplicative actions pending in the state court and the bankruptcy court, the state causes of action can be tried by the bankruptcy court on the merits.  *Id.*

*As discussed in the analysis below, Perry is correct that the state court dismissal of the State Court Action was not on the merits*

4. Federal preemption applies. (Memorandum pp. 13-24.)

4.1. General principles of preemption apply where Congress has enacted a comprehensive legislation, such as in bankruptcy, or where the state law conflicts with a federal law.   State law should be pre-empted if it interferes with the uniformity and bankruptcy court control required in bankruptcy proceedings.

4.2. The Home Owners' Loan Act (HOLA) regulations governing federal savings associations are preemptive of state law, specifically CFR 560.2.  Federal savings associations are authorized by Congress to grant consumer loans for personal, family, or household purposes.  Financing and refinancing of cars falls under the definition of a loan for personal, family, or household purposes.

4.2.1.  Chase Auto Finance is a subsidiary of J.P. Morgan Chase & Co., which is

a federal savings association and therefore is subject to the same federal

regulations as its parent (Memorandum p. 24-25).

4.2.2.  Even though the contract was signed with the dealer and then assigned to

Chase, it still falls under federal preemption since HOLA and Office of Thrift

Savings (OTS) are not limited to direct loans or to loans on houses.

(Memorandum p. 18.)

4.3. The Rees-Levering Act (Cal. Civ. Code §2983.2) is preempted by federal law

(CFR 560.2) in that Chase Auto Finance is a federally regulated financial

institution.  (Memorandum pp.17-22).

4.3.1.  However, although the Rees-Levering Act provisions are preempted, its

protections (including notice requirements before sale) became a part of the

original contract and are still effective (Memorandum p. 19, n. 2323 *[this

number is clearly a typo in the Memorandum]*).

*The leading case is* <u>Aguayo v. U.S. Bank</u>*, 653 F.3d 912 (9th Cir. 2011),

cert denied, 2012 U.S. Lexis 7452 (2012).  In a somewhat similar case, a bank

claimed that portions of the Rees-Levering Act are preempted by federal law

since the lender is regulated by the National Bank Act and the Office of

Comptroller of the Currency and the Home Owners' Loan Act.  The Ninth Circuit

Court of Appeals disagreed and found that the Rees-Levering post-repossession

notices are not preempted.*

*Thus, the Rees-Levering Act is not preempted and its notice

requirements are effective.  The state court has concurrent jurisdiction of this*

*action although the bankruptcy court has exclusive jurisdiction of whether the*

*notice, repossession, and sale were a violation of the automatic stay.*

5.   The Defendants did not answer the complaint or the amended complaint and are in

default.  (Memorandum pp. 24-26.)

*Not directly relevant and not correct.  Key and Chase filed a motion to abstain by the*

*March 10, 2010 deadline for filing a responsive pleading to the Complaint (dkt 11),*

*At the time that this Court denied the motion to abstain, it stayed this proceeding (dkt*

*25).*

6.   The Bankruptcy Court has jurisdiction.

6.1. The Bankruptcy Court has jurisdiction over violations of the automatic stay,

grounded in the Supremacy Clause. (Reply pp. 4-5.)

6.2. Breach of contract is a core proceeding and therefore the bankruptcy court has

jurisdiction to try the case.  (Memorandum pp. 10-13; Reply pp. 8-13, 17-18.)  At

the very least this matter is related to and the Court may retain jurisdiction.

(Memorandum p. 35.)

6.3. The Bankruptcy Court has supplemental jurisdiction over the state law causes of

action because they are part of the same case or controversy as the federal

claims.  (Memorandum pp. 26-27; Reply pp. 5-7.)

6.4. The Bankruptcy Court has diversity jurisdiction.  (Reply pp. 7-8.)

6.5. Principles of judicial economy, comity and fairness support the Court retaining

jurisdiction.  (Memorandum pp.33-34).

6.6.  This proceeding has been pending too long for this court not to retain

jurisdiction.  (*Perry cites to the case of Coates & Lane, Inc. (in re Swinson), 2004*

*Bankr. LEXIS 2438 (Bankr. D. Col. 2004) which, at best, is factually irrelevant to*

*the issue before this Court. It may even cut against Perry's argument since it*

*deals with starting a new trial in one court after it has been fully adjudicated in*

*another court.)*

*As discussed below, the Court has exclusive jurisdiction over violations of the*

*automatic stay. It may have concurrent jurisdiction over the state law causes of*

*action, but these are not core proceedings and judicial economy, comity and fairness*

*support the court's abstention from those issues. Diversity jurisdiction is irrelevant.*

7. Defendants violated provisions of the Bankruptcy Code

   7.1. Completing the transfer after the bankruptcy petition was filed was a post-petition transaction prohibited by Bankruptcy Code §549. (Memorandum p. 29-30).

   7.2. Perry gave notice to Key Auto Recovery and to Chase Auto Finance of the bankruptcy. The car was property of the estate and turnover to the Trustee was required under § 542. (Memorandum pp. 30-32.)

   7.3. The sale of the Vehicle by Chase violated the automatic stay and Perry is entitled to damages. (Second Supplement ¶28 et. seq.)

      7.3.1.  California law requires that the Debtor had a right to redeem once repossession takes place and this right to redeem gave him an interest in the car which then becomes property of the estate. (Second Supplement ¶34 et seq.)

      7.3.2.  Chase did not comply with the required notice and redemption provisions of California law.

      7.3.3.  As the violation was willful, Plaintiff is also entitled to punitive damages.

7.4. Defendants have retroactively violated the stay.  (Reply p. 28-30.)  (*Not clear what Plaintiff is referring to.*)

*This argument is directly responsive to Issue 3 and is discussed below, except to the extent it deals with state law remedies arising from non-compliance with state law.*

8.  Prior to repossession, the Defendants illegally used a tracking devise to track the location of the vehicle, which the Supreme Court has held is a search under the Fourth Amendment (Supplement pp. 1-3).  The complaint should be allowed to be amended to add this claim for relief.

*Not relevant to the Briefing Order issues.*

9.  An unclear discussion of the legal effect of the secured proof of claim that Chase filed even though it had possession of the car. (Second Supplement ¶32.)

*The Court cannot draw any conclusions.*

10. Because the Court stayed this proceeding and ordered Plaintiff not to file anything further, it must allow Plaintiff opportunity to amend the complaint under Fed. R. Civ. P. 15(a)(2).  (Reply pp. 13-17.)

*Not relevant.  As noted below, the Court will allow Plaintiff to supplement his Complaint, but only as directed by the Court.*

11. Defendants should also be sanctioned for vexatiousness.  Plaintiff cites a number of instances of alleged harassment in the State Court Action litigation.  (Reply pp. 18-26.)

11.1  Defendants' request that Plaintiff be required to post a $40,000 bond (see below) is both malicious and strategic.  (Reply p. 26.)

*This Court is not sanctioning anyone at this time for vexatiousness.  In any event, this Court cannot sanction behavior in state court.  Plaintiff is cautioned against*

*making scurrilous allegations against a judge.*

12. Plaintiff moves for all applicable damages and for summary judgment.  (Reply pp. 30-31.)

*Not relevant to Briefing Order issues.*

## Chase and Key's Joint Response

Defendants' Response states the procedural history of this proceeding, much as set forth above.  Additionally, they focus on the facts establishing Chase's security interest in the Vehicle, the Plaintiff's payment defaults and that Chase requested paper title prior to the commencement of Plaintiff's bankruptcy and such a request was not a transfer of title. *As to the default and payment history, the Court is not reviewing this in either Perry's papers or those of the Joint Response.*

With respect to issues 1 and 2, the Defendants concede that the dismissal of the State Court Action was not an adjudication of Plaintiff's claims on the merits.  However, they argue that this Court should exercise its discretion under Federal Rule of Bankruptcy Procedure 9011 and the Local District Rule 83-8.1[11] to prevent an abuse of process:  namely, Plaintiff's use of this Court to avoid the state court order deeming him a vexatious litigant.

Defendants also point to their motion for judgment on the pleadings which was granted in the State Court Action and disposed of all causes of action in the Supplemental Complaint that were not included or amended in the FAC.  The disposal of such causes of action bars similar causes of action in this Adversary under principles of res judicata or collateral estoppel.  Also, state law bars all claims asserted in the FAC

---

[11] It is not clear that Local District Rule 83-8.1 is applicable to proceedings before this Court.

that were not asserted in the earlier Supplemental Complaint.

Defendants argue that most of the state law claims are barred by collateral estoppel due to the relief from stay order, which denied Plaintiff's motion for injunctive relief that essentially challenged the repossession.  This ruling would appear to cover all state causes of action except possibly emotional distress.

With respect to issue 3, Chase's request for title occurred on February 10, 2009, a day before Plaintiff's bankruptcy petition was filed.

To the extent any claims remain, Defendants request the opportunity to bring a Rule 12(b) motion to dismiss, which should be dispositive.

This Court should abstain from hearing the claims in the adversary complaint under mandatory or permissive abstention.  Mandatory abstention is required because the state law claims are non-core and none of the claims arise under the Bankruptcy Code.  Numerous criteria for permissive abstention exist, including state law issues predominating, the presence of related non-bankruptcy proceedings, lack of basis for bankruptcy court jurisdiction, remoteness of the proceeding to the bankruptcy case, and the substance of the claim being non-core.

If the court intends to proceed with the adversary proceeding, it should be conditioned on Perry paying $40,000 in sanctions as a vexatious litigant.

## III. <u>ANALYSIS</u>

Before diving into the legal issues raised, the Court needs to advise the parties as to the use that is being made of the vast number of exhibits to the briefs.  These exhibits were filed in direct opposition to my Briefing Order, as is the length of Perry's briefs.  The Court is not considering the exhibits as supporting Perry's assertions that

the repossession was in violation of the contract, that he was current on his car

payments, or that there were pre-petition dealings between him and Chase.  As is

explained below in greater detail, the contractual rights of Chase to repossess will not

be considered by this Court, which is limiting itself to the procedures surrounding

Defendants' post-petition actions in maintaining control of the car and enforcing Chase's

lien rights as to the Vehicle.  However, the exhibits are being used for the limited

purpose of trying to establish dates and clarify issues.

In determining how the Court should proceed, it is useful to consider the causes

of action in the Complaint commencing this adversary proceeding (dkt 1):

|  |  | State or federal law? | In State Court Action Supplemental Complaint? | In State Court Action FAC? |
|---|---|---|---|---|
| 1st | Trespass | State | No | Yes |
| 2nd | Conversion | State | Yes | Yes |
| 3rd | Breach of the peace | State | No | No |
| 4th | Breach of contract | State | Yes | Yes |
| 5th | Negligent misrepresentation | State | No | No |
| 6th | Intentional infliction of emotional distress | State | No | Yes |
| 7th | Abuse of process | State | No, but did have claim for violation of §§ 362 & 541 | No |
| 8th | Fraud | State | No | No |
| 9th | Fair Debt Collection Practices Act | Federal | Yes | No |
| 10th | Unfair business practices | State | No | No |
| 11th | Consumer | Federal & | No | No |

| | | State or federal law? | In State Court Action Supplemental Complaint? | In State Court Action FAC? |
|---|---|---|---|---|
| | Protection Act and Thrift's Lending Practices Act | Tennessee | | |

It should be noted that a violation of the automatic stay of §362 is not one of the causes of action in this adversary, although the 7th cause of action asserts that the Defendants' motion for relief from stay was an abuse of process.  The Complaint does allege violations of §362 and §542(a)(1) of the Bankruptcy Code, but the violations are not causes of action.

## A.  ISSUES ONE AND TWO

## Claim or Issue Preclusion

The following is a summary of the legal standards for claim preclusion (res judicata) and issue preclusion (collateral estoppel) in California:

> Federal courts "are required to give state court judgments the preclusive effect they would be given by another court of that state." *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 84, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984)). In California, res judicata, or claim preclusion, bars a second lawsuit between the same parties on the same cause of action. *People v. Barragan*, 32 Cal.4th 236, 252, 9 Cal. Rptr. 3d 76, 83 P.3d 480 (2004). Collateral estoppel, or issue preclusion, bars the relitigation of issues that were actually litigated and determined in the first action. *Id.* at 252-53. The elements for applying either claim preclusion or issue preclusion to a second action are the same: "(1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." *Id.* at 253 (internal quotations omitted).

*Nguyen v. Sacramento Cnty.*, 2010 U.S. Dist. LEXIS 12361, 2-4 (E.D. Cal. Feb. 12, 2010).

## Dismissal for Failure to Post Bond

The dismissal of the State Court Action for Plaintiff's failure to post a bond is probably not a judgment on the merits and thus not a basis for either res judicata or collateral estoppel.  *See Muller v. Tanner*, 2 Cal. App. 3d 438, 443 n. 4 (Cal. App. 1st Dist. 1969)("questionable" whether on the merits); *Wright v. United Airlines*, 1994 U.S. App. LEXIS 18337 (9th Cir. July 20, 1994)(not on merits); *Crowe v. Gogineni*, 2012 U.S. District LEXIS 176343 (E.D. Cal. Dec. 12, 2012)(not on merits).

Nonetheless, several courts have exercised their discretion and refused to hear claims previously dismissed by another court because a "vexatious litigant" failed to post the required bond.

> As the federal law claims against all defendants have been dismissed, the court declines pendent jurisdiction over any state claims. McColm has been designated a vexatious litigant in California state court. *See* Request for Judicial Notice (Doc # 32), Exh. D. In order to file an action in state court, McColm must obtain leave of court and furnish a bond before proceeding. *See id.* at 2. The court finds it inappropriate to allow McColm to maneuver around this state court procedure by requesting supplemental jurisdiction over her state law claims. The court therefore declines supplemental jurisdiction and DISMISSES any state law claims without prejudice.

*McColm v. Balistreri*, 2002 U.S. Dist. LEXIS 9518, 15 (N.D. Cal. May 17, 2002).

> When the defendant filed his motion under the vexatious litigant statute in the prior proceedings it served to stay all proceedings in that action. (Code Civ. Proc., § 391.6.) When the court in that action determined that plaintiff was a vexatious litigant and ordered him to furnish security, that action became subject to dismissal upon plaintiff's failure to furnish the security. (Code Civ. Proc., §391.4.) To permit plaintiff to evade the foregoing consequences by filing a second suit on the same cause of action would be to encourage the vexatious litigation which the statute was designed to prevent. The filing of the second suit is an abuse of the process of the court. The trial court properly exercised its powers to prevent such abuse in ordering that the action be stricken from the records of the court, and that no further proceedings be taken in it.

*Muller v. Tanner*, 2 Cal. App. 3d at 443-444.

I find the reasoning of these cases compelling.  To allow Plaintiff an end run around the vexatious litigant ruling in state court would effectively condone an abuse of

process and would encourage vexatious litigation.  Like Judge Walker in *McColm*, I find

this inappropriate and am strongly inclined to exercise my discretion to abstain from all

the state law claims that had been the subject of the State Court Action.  I am also

inclined to abstain from the one federal law claim that was named in the Supplemental

Complaint – violation of the Fair Debt Collection Practices Act.  15 United States Code

§1692k grants jurisdiction to state courts as well as federal courts to enforce liability

under this act.  *See, e.g., Ezeyoke v. Ocwen Fed. Bank FSB*, 179 Fed. Appx. 111, 113

(3d Cir. 2006).  Allowing the Plaintiff to continue to litigate it after the vexatious litigant

dismissal in state court would also be disrespectful to the state court.

This leaves the breach of peace, negligent misrepresentation and unfair business

practices, and violation of the Consumer Protection Act and Thrift's Lending Practices

Act causes of action, which were not claims in either of the complaints in the State

Court Action but arise out of the same nexus of facts as the causes of action in the

State Court Action.  Whether these causes of action are close enough to the causes of

action asserted in the State Court Action so that they should also be dismissed is a

question best determined by the state court itself.


### Motion for Judgment on Pleadings

Defendants argue that the effect of the minute order in the State Court Action

sustaining Chase's motion for judgment on the pleadings should give rise to a res

judicata bar to all causes of action in the Supplemental Complaint that were not

included in the FAC (which was filed in response to the minute order).  Alternatively,

they argue that collateral estoppel bars these causes of action, because issue prelusion

(unlike claim preclusion) requires only adjudication with a conclusive effect, rather than

1  an actual judgment.

2      Defendants also argue that any cause of action included in the FAC for the first

3  time (i.e. was not in the Supplemental Complaint) is barred under California Rules of

4

5  Civil Procedure.

6      These questions of the effect of California Court rulings and California procedure

7  would be best addressed by a California state court.

8

9                    **B.  <u>ISSUE THREE</u>**

10      As noted above, Plaintiff has not asserted a claim for violation of the automatic

11

12  stay. The Complaint does refer to a violation of 11 U.S.C. §362 and §541(a)(1) on the

13  first page, however.  As Plaintiff is *pro se*, the Court may construe his pleadings

14  liberally. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).   In his memoranda,

15  Plaintiff has repeatedly and prominently claimed violations of Bankruptcy Code  §362,

16
    §542 and §549 based on the following allegations:  the Defendants failed to return the
17
    car to Plaintiff after the commencement of his bankruptcy, the Defendants attempted to
18
    change title on the Vehicle immediately after repossession, and the Defendants resold
19
20  the Vehicle.

21      The stay protects whatever property interests the debtor has at the time of the

22  petition, "no more, no less." *Moody v. Amoco Oil Co.,* 734 F.2d 1200 (7th Cir.

23
    1984),*cert. denied*, 469 U.S. 982 (1984).  Sections 542 and 549 require turnover of
24
25  property of the estate and prohibit post-petition transfers of property of the estate.

26  Section 541 defines property of the estate as "all legal and equitable interests of the

27  debtor in property as of the commencement of the case."  Those rights and interests are

28  determined under applicable non-bankruptcy law. *Butner v. United States*, 440 U.S. 48,

55 (U.S. 1979).

The financing of motor vehicles for consumer use is governed by the Rees-Levering Motor Vehicle Sales and Finance Act (hereafter Rees-Levering) which is codified in Cal. Civ. Code §2981 *et. seq.*)[12]  Rees-Levering provides that upon a default of contractual obligations, the seller or holder of title (herein referred to as the lender) may accelerate the contract and repossess the car.  Cal. Civ. Code §2983.3(a).  Before it can sell the car, the lender must provide the consumer with at least 15 days' written notice of its intent to sell.[13]  After notice is mailed, the consumer has a right to redeem the Vehicle and possibly reinstate[14] for 15 days, which can be extended by an additional 10 days on written request of the consumer.   Only after the 15 or 25 day period has passed can the lender sell the car.[15]

The docket and other presumably uncontroverted evidence show the following (evidence attached to Perry's Memoranda, which may be contested by Chase, is described in italics):

2/7/09      Vehicle repossessed from Debtor's garage

*2/10/09      Chase sends a notice regarding paper title to Perry (ex. 1, attached to the Memorandum)*

---

[12] The relevant provisions of California Uniform Commercial Code division 9 (hereafter Cal. Comm. Code) also apply to the manner of sale after repossession if there is no conflict with provisions of Rees-Levering. However, when there is a conflict, Rees-Levering prevails.  *Bank of America v. Lallana*, 19 Cal.4th 203, 210 (Cal. 1998) (citing to Cal. Comm. Code §9203, subdivision (4)).Cal. Comm. Code §9607 *et seq.* covers the post-default notification and disposition of collateral.  While many of these specifically do not apply to consumer goods, Cal. Comm. Code §9614 specifically sets forth the information that must be included in a notice on a consumer-goods transaction.  Other than that, Cal. Comm. Code does not include any specifics of redemption times, etc. and to the extent that it may, these would be preempted by the specifics set out in Rees-Levering when it comes to motor vehicles.
[13] Unless the vehicle has been seized under Cal. Civ. Code §2983.3(b)(6) [which does not apply here since the car was not seized by a public agency].
[14] *See* Cal. Civ. Code §2983.3(b)(1)-(b)(5);(d)(4)(exceptions to the right to reinstate),
[15] If the notice requirements are violated or reinstatement is improperly denied, the lender loses the right to a deficiency judgment and may also be liable for damages for conversion.  Cal. Civ. Code §2983.2(a) and *Cerra v. Blackstone*, 172 Cal. App. 3d 604 (Cal. Ct. App. 6th Dist. 1985).

2/11/09     Bankruptcy case is filed

*2/11/09     Chase sends Perry its notice of intent to dispose of the vehicle and gives*

*him 20 days to reinstate (ex. 29, attached to Second Supplement)*

*2/11/09     Perry sends written request to extend the redemption/reinstatement period*

*(ex. 29, attached to Second Supplement)*

*2/11/09     Chase gives Perry notice of plan to sell the vehicle (ex. 29, attached to*

*Second Supplement)*

*2/12/09     Perry gives Chase notice of the bankruptcy filing (ex. 28-2, attached to*

*Second Supplement).*

*2/13/09     Chase puts account on hold because of the bankruptcy (ex. 39, attached*

*to Second Supplement)*

3/10/09     Chase files motion for relief from stay (bc dkt #15).  There is some

confusion:  on February 25, 2009 Perry filed an opposition to Chase's motion to lift stay

(bc dkt. #14) although the docket does not reflect an earlier motion to lift stay.

4/23/09     Order granting Chase's motion for relief from the automatic stay (bc dkt.

#29) reflecting the ruling at the April 9 hearing.  The sale was not to take place before

4/17/09.[16]

4/30/09     Sale of Vehicle by Chase (as asserted by Chase in the Response at 5:3-

5);

5/9/13     Discharge entered (bc dkt 64).

At the time the bankruptcy was commenced on February 11, 2009, Plaintiff had

property rights in the Vehicle.  Even if Chase's notice of intent had been sent prior to the

filing of the petition (see discussion below), Plaintiff still retained a twenty-five day right

---

[16] During March and April there were a variety of filings including a motion for contempt, etc.  These are
not relevant to this hearing.

to redeem the Vehicle and to reinstate, which is part of the estate and subject to

protection of the automatic stay.   *See, e.g., In re Thompson*, 894 F.2d 1227, 1230 (10th

Cir. 1990).   In any event, Plaintiff retained title to the Vehicle, although bankruptcy

courts in California have disagreed as to whether a debtor's property interest in a

repossessed car includes the right to possess that vehicle.   *Compare In re Ochoa*,

2010 Bankr. LEXIS 3476 (Bankr. N.D. Cal. Oct. 1, 2010)(property of the estate includes

right to possession) *with In re Fitch*, 217 B.R. 286 (Bankr. S.D. Cal. 1998)(no

possessory right).

## Notice of Intent to Sell

Chase sent its notice of intent to sell the Vehicle, which triggers the running of

the redemption period, on February 11, 2009.  It is not clear from the papers whether

that notice was given before or after the petition was filed at 12:03 p.m. on that date (bc

dkt 1).  If the notice was given after that time, it is both void and a violation of the stay,

although not a willful one.

## Change of Title

Perry argues that Chase changed title immediately on repossession.  I do not

find any evidence of this.   Chase asserts that Chase merely requested paper title on

February 10, 2009 - a day prior to the commencement of this case – but that the actual

transfer of title happened only at the April 30 sale.  It is not clear what post-petition

activities Perry is complaining of or whether Rees-Levering contemplates any change of

title documentation between repossession and resale.  Perry has not shown any

violation of the stay respecting title change.

**Foreclosure Sale**

The foreclosure sale was conducted pursuant to this Court's order granting relief from the automatic stay due to lack of adequate protection of Chase's interest in the vehicle (bc dkt 29), and thus cannot be a violation of the automatic stay.  Appeal of this stay relief order was dismissed by the Ninth Circuit: it is a final order.  The stay relief order allowed the sale on or after April 17, 2009.[17]  Chase asserts that the Vehicle was sold on April 30, 2009 which would be in compliance with the stay relief order and not a violation of the automatic stay.

**Retention of the Vehicle**.

The Ninth Circuit has held that the mere knowing retention of estate property violates §362(a)(3), which bars the exercise of control over estate property.   *Cal. Emp't Dev. Dep't v. Taxel (In re Del Mission Ltd.),* 98 F.3d 1147, 1151 (9th Cir. 1996).  More specifically, the Ninth Circuit B.A.P. has held that the mere failure to return a repossessed motor vehicle that qualifies as property of the estate violates § 362(a)(3). *Abrams v. Southwest Leasing & Rental Inc. (In re Abrams),* 127 B.R. 239, 241-43 (9th Cir. BAP 1991).  Such a failure to turnover estate property also violates debtor's right to turnover under §542, *Abrams*, 127 B.R. at 242, but §362 provides the remedy for a violation of the §542 right.  *Id.*

The creditor must return the property or take other action within a "reasonable

---

[17] Section 108(b) provides that if the Debtor has a right to cure a default or take a similar act (such as reinstating a contract) at the time that the bankruptcy petition is filed, the trustee may cure or reinstate on the later of the notice period or 60 days after the order for relief is entered.  Most courts apply Bankruptcy Code §108(b) to redemption periods.  *See, e.g., Canney v. Merchs. Bank (In Re Frazer)*, 284 F.3d 362 (2d Cir. 2002); *In re Martinson*, 731 F.2d 543 (8th Cir. 1984); *In re Rugroden*, 481 B.R. 69 (Bankr. N.D. Cal. 2012)   Perry, through the Trustee, would have had until April 10, 2009 (60 days from the petition date) to redeem or reinstate under §108(b).

period of time after notice of bankruptcy." *Abrams*, 127 B.R. at 243, quoting *In re Carlsen*, 63 B.R. 706, 710 (Bankr. C.D. Cal. 1986). In *Carlsen* this court further stated that there is no bright line test and reasonableness of time would depend on the facts of the case, concluding that:

> It is incumbent upon the creditor to release its lien without delay as soon as it is aware of the bankruptcy and of the legal effects of that bankruptcy. Naturally this Court would not chastise a creditor for seeking legal counsel before it acts. But any delay in obtaining that legal advice is unwarranted and a violation of the stay.

*Carlsen at 710 (quoted by In re Makowski*, 2013 Bankr. LEXIS 2032 (Bankr. D. Alaska May 16, 2013, as the *Carlsen Test*); *see also Citizens Bank v. Stumpf,* 516 U.S. 16, 21 (1995)(upholding creditor's "temporary" refusal to pay debt subject to set off; creditor need not pay debt "immediately").

Filing a relief from stay motion within a reasonable time would constitute creditor action that excuses a failure to turnover property.  See, e.g., *Mwangi v. Wells Fargo Bank,* 432 B.R. 812 (9th Cir. B.A.P. 2010)(Bank's failure to turnover funds subject to turnover held to be a violation of §362(a)(3)("Wells Fargo could have sought direction from the bankruptcy court, by way of a motion for relief from stay or otherwise regarding the account funds; it did not.");[18] *In re Treasures, Inc.,* 2013 Bankr. LEXIS 3885, 22 (Bankr. S.D. Cal. Sept. 10, 2013)("creditor may temporarily not pay debt subject to set off, but [t]he creditor must still promptly seek stay relief.")

Chase filed its motion for relief from stay on March 10, 2009 (bc dkt 15), about one month after Plaintiff's petition was filed on February 11, 2009. Whether that was a *reasonable* amount of time is a question that needs to be briefed and resolved in this Court.

---

[18] *Mwangi* has been a controversial decision and has been twice remanded, appealed to District Court and decided on other grounds,.  *Mwangi v. Wells Fargo Bank, N.A. (In re Mwangi)*, 473 B.R. 802 (D. Nev. 2012); *Mwangi v. Wells Fargo Bank, N.A. (In re Mwangi), 473 B.R. 802 (D. Nev. 2012).

**Section 549**

Plaintiff also asserts that some of the post-petition actions by Chase and Key were unauthorized transfers of property of the estate in violation of Bankruptcy Code §549.  However, §549 is not applicable.  Section 549 exists as a protection for creditors against unauthorized *debtor* transfers of estate property.  *See, e.g., Schwartz v. United States (In re Schwartz),* 954 F.2d 569, 574 (9th Cir. 1992).

## C. **ABSTENTION**

Thus, the issue of stay violations will require litigation, either through trial or summary judgment.  This court is the only court with jurisdiction/authority to determine this issue.  Determination of whether Defendants violated the automatic stay does not require consideration of the remaining causes of action.

> Stay litigation is limited to issues of the lack of adequate protection, the debtor's equity in the property, and the necessity of the property to an effective reorganization. Hearings on relief from the automatic stay are thus handled in a summary fashion.  The validity of the claim or contract underlying the claim is not litigated during the hearing. The action seeking relief from the stay is not the assertion of a claim which would give rise to the right or obligation to assert a counterclaim. Thus, the state law governing contractual relationships is not considered in stay litigation.

*In re Johnson*, 756 F.2d 738, 740 (9th Cir. Cal. 1985)(citations omitted); *see also, e.g., Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal),* 450 B.R. 897 (B.A.P. 9th Cir. 2011).  If Chase indeed violated the automatic stay by retaining the Vehicle, the stay was violated regardless of whether they had followed proper state law repossession procedures or had a right to repossess.  (Although these issues might ultimately be relevant to the amount of damages awarded for the stay violation.)

Plaintiff brought a claim for abuse of process (7th cause of action in the

Complaint) , which requires, under applicable California law, "that the defendant (1) contemplated an ulterior motive in using the process and (2) committed a willful act in the use of the process not proper in the regular conduct of the proceedings." *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1057 (Cal. 2006). Plaintiff's abuse of process claim is based on the allegation that Defendants brought a motion for relief from stay that was unsupported by evidence and denied by the Court on September 30, 2008. Complaint ¶¶ 99-102. The alleged facts underlying this cause of action are patently false: Plaintiff's case was not commenced until 2009 (and there is nothing on the docket for September 30, 2009 either) and the Court *granted* Chase's motion for relief from stay. As this claim centers on relief from stay motions in front of this court, it should also be heard by this Court.

The third and final cause of action in the Complaint that must be determined by this Court (or another federal court) is the 11th, which purports to be under (i) provisions of Tennessee law and (ii) seemingly inapplicable provisions of federal law on the administration of federal banking agencies and the supervision of savings associations. The Tennessee law claim could presumably be dismissed either by this Court or the state court applying choice of law provisions. The federal law claim, however, while it appears to make no sense whatsoever under the cited statutes, cannot be determined by a state court. Thus, the Court must retain 11th cause of action.

In determining these three causes of action, the Court will exclude from its review any issue as to whether Chase had a contractual right to repossess the car and to sell it once relief from stay was granted. These are state law contract issues and fall squarely in the State Court Action, which has been dismissed. For this Court to reopen those issues would be to circumvent the vexatious litigant determination of the state court.

For the violation of the automatic stay and the abuse of process claims, the Court will

only look at the effect of the filing of the bankruptcy on the actions taken by Chase post-

petition, namely whether there was a violation of the automatic stay and whether Chase

committed an abuse of process by filing its motion for relief from the automatic stay.

The Eleventh cause of action can be resolved as a matter of law without consideration

of these issues.

The remaining claims in this adversary action do not arise under the Bankruptcy

Code or need to be resolved by a federal judge.  Eight of the remaining causes of action

are under state law.  The final claim, which is under The Fair Debt Collection Practices

Act, does arise under federal law but Congress has granted state courts jurisdiction to

hear actions enforcing this act.

## Permissive Abstention

28 U.S.C. §1334 provides for permissive abstention:

Except with respect to a case under chapter 15 of this title, nothing in this section
prevents a district court in the interest of justice, or in the interest of comity with
State courts or respect for State law, from abstaining from hearing a particular
proceeding arising under title 11 or arising in or related to a case under title 11.

The Ninth Circuit has set forth a number of factors that courts should consider in

determining whether to exercise their discretion to abstain under §1134(c)(1):

(1) the effect or lack thereof on the efficient administration of the estate if a Court
recommends abstention, (2) the extent to which state law issues predominate
over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law,
(4) the presence of a related proceeding commenced in state court or other
nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. §
1334, (6) the degree of relatedness or remoteness of the proceeding to the main
bankruptcy case, (7) the substance rather than form of an asserted 'core'
proceeding, (8) the feasibility of severing state law claims from core bankruptcy
matters to allow judgments to be entered in state court with enforcement left to
the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the
likelihood that the commencement  of the proceeding in bankruptcy court

involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*Eastport Assocs. v. City of L.A. (In re Eastport Assocs.),* 935 F.2d 1071, 1075-1076 (9th Cir. Cal. 1991); *In re Tucson Estates, Inc.,* 912 F.2d 1162, 1166 (9th Cir. 1990).

Virtually all of these factors favor abstention on these remaining causes of action: there is no effect on administration of the estate; state law issues predominate; related proceedings have already been commenced in state court; at best this Court has concurrent  jurisdiction with the state court; these causes of action are now unrelated to the bankruptcy case (which is closed); these causes of action are not core and the constitutional authority of this Court to decide them is questionable at this time; these causes of action can easily be severed from the stay violation, abuse of process  and federal regulatory claims retained by this Court; maintaining these claims in this proceeding in bankruptcy court would allow forum shopping by the Plaintiff who is seeking to avoid the effect of the State Court Action dismissal; and Plaintiff himself has reserved the right to ask for a jury trial.  *See* Reply at 37.

In particular (as noted above), determining the preclusive effect of both (i) the state court's sustaining Chase's motion for a judgment on the pleadings (without judgment entered) and (ii) Plaintiff's First Amended Complaint filed pursuant to the state court's leave to amend (which names causes of action not found in the earlier complaint and drops other causes of action found in the earlier Supplemental Complaint), are more appropriately determined by the state court itself.

Likewise, determining whether allowing causes of action arising out of the same factual nexus as the causes of action dismissed by the state court would constitute an end-run around the state court's enforcement of California's vexatious litigant statute and is best left to the state court itself.  Thus, as noted above, this Court will refrain from

determining whether Chase violated the Rees-Levering Act or the Cal. Comm. Code in its prepetition repossession, specifically including whether the Debtor was in default or in violation of the terms of his contract at the time that repossession occurred.

Perhaps most crucially, the Court has serious reservations about its statutory and constitutional authority to determine this adversary proceeding.  The causes of action do not arise under the Bankruptcy Code.  Although the case was still open at the time that this adversary proceeding was filed, Plaintiff's Chapter 7 case is now closed and the outcome of this proceeding will have no impact on that bankruptcy case.  Any damages suffered by the Debtor are personal and any recovery would go exclusively to his benefit.  The Trustee is not a party to this adversary and so the estate is not a beneficiary to it.  The majority of the causes of action are state law, private right causes of action that are beyond this Court's constitutional authority to adjudicate.  *Stern v. Marshall*, 131 S. Ct. 2594 (2011).

Accordingly, this Court is strongly inclined to exercise its discretion to abstain from hearing the causes of action in this proceeding other than the stay relief violations, the 7th cause of action and the 11th cause of action.  However, Plaintiff has not been afforded an opportunity to brief and argue this issue, as due process requires.

**Mandatory Abstention**

 Most of the test for mandatory abstention under 28 U.S.C. §1334(c)(2)  has also been met with respect to these remaining claims.   There are seven required elements for mandatory abstention to apply:  a timely motion, a purely state law question, a non-core proceeding, lack of independent federal jurisdiction aside from the title 11 petition, an action commenced in state court, the ability timely to adjudicate the state court action

and the existence of a state forum with appropriate jurisdiction. *See, e.g., In re Baldwin Park Inn Assoc.,* 144 B.R. 475 (C.D. Cal. 1992); *In re World Solar*, 81 Bankr. 603, 606 (S.D. Cal. 1988). Defendants had moved for abstention on a timely basis (and the Court may on its own motion abstain). The claims are non-core, almost entirely based on state law and did not arise under bankruptcy law or even in a bankruptcy case. (Debtor's Chapter 7 was "no asset"; his exemption meant the Vehicle was not property of the estate. In any event, the case is now closed.) There was an action commenced in state court with appropriate jurisdiction that has been timely adjudicated.

However, some of these claims could have been brought in federal court absent Plaintiff's bankruptcy case because federal courts would have concurrent jurisdiction on these causes of action due to the Fair Debt Collection Practices Act cause of action and principles of supplemental jurisdiction. *See Koumarian v. Chase Bank, N.A.,* 2008 US Dist. Lexis 101910 (N.D. Cal. Dec. 3, 2008). Thus, abstention is not mandatory under 28 U.S.C. §1334(c)(2).

## V. <u>RULING</u>

This proceeding will be bifurcated between the violations of 362 and 542, the 7th cause of action (abuse of process) and the 11th cause of action, on the one hand, and the remaining causes of action in the complaint, on the other hand.

Plaintiff will be given leave to file a legal memorandum against the Court's discretionary abstention with respect to the 1st, 2nd, 3rd, 4th, 5th, 6th, 8th, 9th and 10th causes of action in this proceeding. **This brief is not to exceed thirty-five pages in length, must be double-spaced and must not have any exhibits.** This brief is to be filed with the Court and served on Defendants by overnight delivery no later than May 20, 2014. Defendants may file (and serve on Plaintiff by overnight delivery) a reply to

this memorandum (subject to the same length, spacing and exhibit limitations) no later than May 27, 2014.  No further briefs will be allowed.  A hearing will be held on this issue on June 3 at 10:00 a.m.

Plaintiff will be given leave to file a supplement to the Complaint (i) asserting a cause of action under 11 U.S.C. §362 and §542, (ii) amending the abuse of process cause of action with factual allegations that are not patently incorrect on the record or dismissing that cause of action and (iii) amending the 11th cause of action to state causes of action under applicable law that provides a plausible cause of action.  **Leave is not given for any other additions or amendments to the Complaint.**  The supplement to the Complaint is to be filed and served on Defendants not later than May 30, 2014 and Defendants will have 30 days after it is filed to respond.

The status conference on this adversary proceeding now on calendar for May 13, 2014 at 10:00 a.m. will be continued to July 22, 2014 at 10:00 a.m.  This status conference will be used to determine what discovery, if any, is appropriate before the issues in the supplement to the Complaint are tried.

###

Date: April 16, 2014

Geraldine Mund
United States Bankruptcy Judge