

FILED & ENTERED

JUL 14 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Gonzalez DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Avram Moshe Perry<br><br>Debtor(s). | CHAPTER 7<br><br>Case No.:  1:09-bk-11476-GM<br>Adv No:   1:10-ap-01043-GM<br><br>**MEMORANDUM OF OPINION EXERCISING COURT'S DISCRETION TO ABSTAIN FROM HEARING THE 1ST, 2ND, 3RD, 4TH, 5TH, 6TH, 8TH, 9TH AND 10TH CAUSES OF ACTION IN THIS PROCEEDING** |
| Avram Moshe Perry<br><br>Plaintiff(s),<br>v.<br><br>Chase Auto Finance,  Does 1-100, JPMorgan Chase Bank, N.A.,  Key Auto Recovery<br><br>Defendant(s). | Date:    July 8, 2014<br>Time:    10:00 a.m.<br>Courtroom:   303 |

-1-

Background

Avram Moshe Perry ("Plaintiff") filed for chapter 7 relief on February 11, 2009. In his schedules, Plaintiff listed his only asset as a 2001 Nissan Pathfinder worth $9,000 (the "Vehicle") on which Chase Auto Finance ("Chase") had a lien of about the same amount.

On February 5 or 6, 2009, just a few days before the Plaintiff's petition was filed, Key Auto Recovery ("Key" and with Chase, the "Defendants") repossessed the Vehicle for Chase. Chase ultimately sold the Vehicle post-petition, after obtaining relief from the automatic stay. This rather simple scenario has led to two adversary proceedings, a variety of motions, three appeals to the Ninth Circuit Bankruptcy Appellate Panel ("BAP"), two appeals to the District Court and five appeals to the Ninth Circuit. Both the Debtor's Chapter 7 bankruptcy case and the other of the two adversary proceedings have been closed.

On April 16, 2014, and after much briefing by both parties, this Court entered an order (Dkt. 123; the "Order") and a memorandum of opinion (Dkt. 122; the "Memorandum of Opinion") on three central issues in this adversary proceeding. The history and analysis behind these rulings are set forth in detail in the Memorandum of Opinion. The Court ordered as follows:

> Bifurcate this proceeding between the violations of 362 and 542, the 7th cause of action (abuse of process) and the 11th cause of action, on the one hand, and the remaining causes of action in the complaint, on the other hand.
> Plaintiff is given leave to file a legal memorandum against the Court's discretionary abstention with respect to the 1st, 2nd, 3rd, 4th, 5th, 6th, 8th, 9th and 10th causes of action in this proceeding. This brief is to be filed no later than April 30, 2014. Defendants may file a reply to this memorandum no later than May 7, 2013 and a hearing will be held on this issue on May 13 at 10:00 a.m..
> Give Plaintiff leave to file a supplement to the Complaint (i) asserting a cause of action under 11 U.S.C. §362 and §542, (ii) amending the abuse of process cause of action with factual allegations that are not patently incorrect on the record or dismissing that cause of action and (iii) amending the 11th cause of action to state causes of action under applicable law that provides a plausible cause of action. Leave is not given for any other additions or amendments to the Complaint. The supplement to the Complaint is to be filed not later than May 10, 2014 and the Defendants will have 30 days after it is filed to respond. There will be a status conference on this case on June 24, 2014 at 10:00. This will be to

> determine what discovery, if any, is appropriate before the issues in the supplement to the Complaint are tried.

Order at 2:16-3:12 (emphasis in the original).

On May 13, 2014, Plaintiff moved for: (1) extensions of time to file his memorandum on discretionary abstention and supplement to the Complaint, (2) the reopening this Chapter 7 bankruptcy case, and (3) the recusal of Judge Geraldine Mund. The motion for recusal was heard by Judge Maureen Tighe who denied it by Order and Memorandum entered on June 12, 2014 (Dkt. 145, 146). This Court denied the motion to reopen the Chapter 7 bankruptcy and, while the motion for recusal did not stay the underlying action, granted the Plaintiff additional time to file both his memorandum on abstention (until June 10, 2014) and his supplement to the Complaint (Dkt. 132). The Court also granted Chase additional time (until June 24, 2014) to reply and the matter was set for hearing on July 8, 2014 (Id.).

On June 10, 2014, the Plaintiff filed his memorandum in opposition to abstention, which included a motion to reconsider the Memorandum of Opinion and Order with respect to Issue #3 exhibits (Dkt. 147; "Plaintiff's Memorandum").

(On June 11, 2014, the Plaintiff filed a document with the same title, but with very minor changes in the text and headings and with a different prayer for relief – that the Court enter an order disqualifying herself (Dkt. 148). As the Plaintiff's motion for recusal has already been heard and ruled upon and as the text of this document is essentially identical to the Abstention Memorandum, the Court will disregard it.)

On June 20, 2014, the Defendants filed their joint reply to the Plaintiff's Memorandum (Dkt. 155; the "Reply").

On July 8, 2014 at 10:00 a.m., the Court held a hearing on this issue of discretionary abstention (the "Hearing").

Discretionary Abstention

Plaintiff's Memorandum

Contrary to the Court's Memorandum of Opinion and Order, the Plaintiff's Memorandum contains extensive briefing on matters other than abstention. The Court will ignore all matters in the Plaintiff's Memorandum unrelated to the issue at hand – discretionary abstention.

Plaintiff argues that his claims in state court arose pre-petition from the wrongful repossession by the Defendants and are part of his bankruptcy estate (Plaintiff's Memorandum at 17:18-21:4). Plaintiff then cites case law establishing that an action on a pre-petition breach of contract that directly affected confirmation of a plan is within the court's "core" jurisdiction (*Id.* at 21:5-25:22). Plaintiff states that the "factors favoring permissive abstention are not present in this case" but fails to provide any analysis of these factors (*Id.* at 26:5-6). The Court has read the remainder of Plaintiff's text on discretionary abstention repeatedly (*Id.* at 26:8-27:4) and is not able to glean any applicable arguments against discretionary abstention.

Reply

The Reply argues that the Court should exercise its discretion to prevent Plaintiff's abuse of the judicial process, whether by Fed. R. Bankr. P. 9011 sanctions or 28 U.S.C. §1334(a)(1) discretionary abstention. The legal and factual basis for discretionary abstention in this case is fully set out in the Court's Memorandum of Law and the Plaintiff has failed to provide any countering legal authority or argument.

Hearing

At the Hearing the Plaintiff argued that this Court should not abstain because it has jurisdiction to (and should) declare the state court vexatious litigant order void *ab initio* as violating Bankruptcy Code §362(a) and §524(a). The Plaintiff cited several decisions holding that the Rooker-Feldman doctrine does not bar bankruptcy courts

1 from enforcing §524(a) by reviewing state court judgments that may modify a discharge
2 order or by determining whether such judgment are void *ab initio* under §524(a).
3 *Hamilton v. Herr (In re Hamilton),* 540 F.3d 367 (6th Cir. 2008); *Pavelich v. McCormick,*
4 *Barstow, Sheppard, Wayte & Carruth LLP (In re Pavelich)*, 229 B.R. 777 (B.A.P. 9th Cir.
5 1999).

6       Plaintiff also cited a decision holding that a civil penalty levied post-petition is
7 nonetheless stayed by §362(a) and void under §524(a) if it is based on pre-petition
8 conduct. *In re Poule*, 91 B.R. 83 (B.A.P. 9th Cir.1988).  Leaving aside the question of
9 whether the vexatious litigant order requiring the Plaintiff to post a bond could be
10 considered a penalty, it is undisputedly based on post-petition activity and thus not
11 subject to the discharge or to the §524(a) injunction. "The moving parties have shown
12 that the responding party, while acting in pro per, has repeatedly filed unmeritorious
13 motions, pleadings, or other papers, has conducted unnecessary discovery and
14 engaged in other tactics that are frivolous or solely intended to cause unnecessary
15 delay." Minute Order entered April 27, 2010, which is Exhibit 99 to Plaintiff's Reply
16 Memorandum (Dkt. 121), (quoting Cal. Civ. Proc. Code §391(b)(3)).  This order is based
17 on Plaintiff's conduct in the state court action that was commenced on March 9, 2009,
18 about a month after Plaintiff had filed his petition for Chapter 7 relief, and is accordingly
19 not subject to Bankruptcy Code §362(a) or §524(a).

20

21 Conclusion

22       Plaintiff has failed to provide any arguments that address the Court's analysis in
23 the Memorandum of Opinion that led the Court to conclude that discretionary abstention
24 was appropriate.  Thus, for the reasons stated in the Memorandum of Opinion at pages
25 28:23 through 31:15, the Court will exercise its discretion to abstain from hearing the
26 causes of action in this proceeding other than stay relief violations, the 7th cause of
27 action and the 11th cause of action.
28

<u>Reconsideration</u>

<u>Plaintiff's Memorandum</u>

Plaintiff is seeking reconsideration of the portion of the Memorandum of Opinion that states that none of Plaintiff's exhibits to his April 12, 2013 memorandum of law would be considered because such exhibits violated the Court's order of February 13, 2013 (Memorandum of Opinion at 7:12-14). The Plaintiff argues that the February 13, 2013 Order excludes only exhibits as to Issues #1 and #2, but not Issue # 3.

<u>Conclusion</u>

The Plaintiff is correct that the original February 13, 2013 Order prohibited exhibits only as to Issues #1 and #2. However, the Memorandum of Opinion and the Order *ruled in favor of the Plaintiff* on Issue #3. The Court concluded that the post-petition transfer of title by Chase may potentially be a stay violation that must be considered by this Court and, because the Complaint did not contain a claim for a stay violation, the Court gave Plaintiff leave to amend the Complaint to include such a claim.

<u>Rulings:</u>

The Court will exercise its discretion to abstain from hearing the 1ST, 2ND, 3RD, 4TH, 5TH, 6TH, 8TH, 9TH and 10TH causes of action in this proceeding.

Plaintiff's motion for reconsideration will be denied.

Date: July 14, 2014

Geraldine Mund
United States Bankruptcy Judge